1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

REYNALDO GARDNER,

Petitioner,

v.

N. BREITENBACH,

Respondent.

Case No. 3:26-cv-00014-ART-CSD

SCREENING ORDER

*Pro se* Petitioner Reynaldo Gardner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, an application for leave to proceed *in forma pauperis* ("IFP"), and a Financial Certificate. (ECF Nos. 1-1 ("Petition"), 1 ("IFP Application"), 4.) The Court finds good cause exists to grant Gardner's IFP application. As such, this matter comes before the Court for initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"). For the reasons discussed below, the Court directs service of the Petition and sua sponte raises the issue of counsel.

I.    **BACKGROUND**[1]

Gardner challenges a conviction and sentence imposed by the Eighth Judicial District Court for Clark County ("state court"). *State of Nevada v. Reynaldo Gardner*, C-20-345979-1. On June 7, 2023, the state court entered a judgment of conviction, convicting Gardner of burglary while in possession of a deadly weapon, robbery with the use of a deadly weapon on a victim 60 years of age or older, battery with the use of a deadly weapon on a victim 60 years of age or older, and possession of a firearm by a prohibited person. Gardner was sentenced to life with the possibility of parole after 10 years for the burglary

---

[1] The Court takes judicial notice of the online docket records of the Eighth Judicial District Court (https://www.clarkcountycourts.us/portal) and Nevada appellate courts (http://caseinfo.nvsupremecourt.us/public/caseSearch.do).

conviction, life with the possibility of parole after 10 years for the robbery conviction, 4 to 10 years for the battery conviction plus a consecutive term of 1 to 3 years for the elderly victim enhancement, and 12 to 30 months for the possession conviction. Gardner appealed, and the Nevada Supreme Court affirmed on August 14, 2024. *Reynaldo Gardner v. State of Nevada*, No. 86735. Remittitur issued on September 10, 2024.

Gardner filed a state habeas petition on July 25, 2023. *Reynaldo Gardner v. Bryan Williams*, A-23-874559-W. The state court denied Gardner's petition on April 29, 2024. It does not appear that Gardner appealed this order.

Gardner filed a second state habeas petition on July 17, 2025. *Reynaldo Gardner v. State of Nevada*, A-25-923404-W. The state court denied Gardner's petition on October 29, 2025. Gardner's appeal of this order is currently pending. *Reynaldo Gardner v. State*, No. 91792.

## II.    DISCUSSION

Habeas Rule 4 requires the assigned judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a 1-year period of limitations for state prisoners to file a federal habeas petition pursuant to 28 U.S.C. § 2254. The 1-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal,

1    a conviction becomes final when the 90-day period for filing a petition for
2    certiorari in the Supreme Court of the United States expires after a Nevada
3    appellate court has entered judgment or the Nevada Supreme Court has denied
4    discretionary review. *Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008);
5    *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Sup. Ct. R. 13. The
6    federal limitations period is tolled while "a properly filed application for State
7    post-conviction or other collateral review with respect to the pertinent judgment
8    or claim is pending." 28 U.S.C. § 2244(d)(2). But no statutory tolling is allowed
9    for the period between finality of a direct appeal and the filing of a petition for
10   post-conviction relief in state court because no state court proceeding is pending
11   during that time. *Nino v. Galaza*, 183 F.3d 1003, 1006–07 (9th Cir. 1999);
12   *Rasberry v. Garcia*, 448 F.3d 1150, 1153 n.1 (9th Cir. 2006).

13          Gardner's direct appellate review concluded on August 14, 2024, with the
14   Nevada Supreme Court's affirmation of his judgment of conviction. As such,
15   Gardner's conviction became final when the time expired for filing a petition for
16   writ of certiorari with the United States Supreme Court 90 days later on
17   November 12, 2024. The federal statute of limitations began to run the following
18   day: November 13, 2024. Because Gardner's first state habeas proceedings
19   commenced and concluded during his direct appeal proceedings, any tolling
20   associated with Gardner's first state habeas petition is mooted. As such,
21   Gardner's 1-year federal statute of limitations started to run on November 13,
22   2024, and would have expired 365 days later on November 13, 2025, absent any
23   other statutory or equitable tolling.

24          Based on the limited record before this Court, it is unclear whether
25   Gardner's second state habeas petition, filed on July 17, 2025, will be deemed
26   successive under state law. Indeed, because Gardner's first state habeas petition
27   was filed simultaneously with the appeal of his judgment of conviction, his first
28   state habeas petition may have been dismissed without prejudice. If Gardner's

second state habeas petition is found to be properly filed, then his AEDPA statute of limitations has yet to expire because his second state habeas proceedings would allow for tolling. However, if Gardner's second state habeas petition is found to be improperly filed, then his AEDPA statute of limitations appears to have expired approximately 57 days (the difference between November 13, 2025, and January 9, 2026) prior to the filing of his Petition. In sum, given that Gardner's Petition does not patently suffer from a procedural default, it finds that a response is warranted in the instant case.[2]

Further, it appears that counsel may be helpful in this case. The Criminal Justice Act authorizes the court to appoint counsel "when the interests of justice so require." 18 U.S.C. § 3006A(a)(2). Although this Court finds that the appointment of counsel is in the interests of justice given the apparent complexities of this case, the procedural history of this case, and Gardner's lengthy sentence, this Court is cognizant of the fact that Gardner has not moved for the appointment of counsel. As such, this Court gives Gardner until January 30, 2026, to file a motion for the appointment of counsel. If Gardner does not file such a motion or otherwise indicate that he does not wish for counsel to be appointed, this Court will not appoint counsel and will issue a scheduling order on the Petition.

## III.  CONCLUSION

It is therefore ordered that the IFP Application (ECF No. 1) is granted.

It is further kindly ordered that the Clerk of Court (1) file the Petition (ECF No. 1-1), (2) add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, and (3) electronically provide Respondents' counsel a copy of the Petition (ECF No. 1-1), this Order, and all other items previously filed in this

---

[2] Although Gardner's second state habeas proceedings are still in progress, his Petition only raises claims from his direct appeal, making exhaustion not an issue.

1    case by regenerating the Notices of Electronic Filing.

2          It is further ordered that Respondents' counsel enter a notice of appearance

3    within 14 days of entry of this Order, but no further response will be required

4    until further order.

5          It is further ordered that Gardner has until January 30, 2026, to file a

6    motion for the appointment of counsel if he desires that counsel be appointed to

7    represent him.

8

9          DATED THIS 13th day of January 2026.

10

11

12    _____

13    ANNE R. TRAUM
      UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28